In the Matter of JOHN H. DONOHUE, Respondent, v. ARTHUR CORNELIUS, JR., as Superintendent of the Division of State Police, Appellant.— *Per Curiam.* Appeal from a judgment of the Supreme Court, County of Albany, in an article 78 CPLR proceeding declaring null and void article 10 of the Regulations of the New York State Police as violative of the New York Constitution (art. V, § 6) and any and all actions founded or based thereon. (46 Misc 2d 350.) This case was before this court on a previous occasion (22 A D 2d 1000) at which time we remanded it for " proof " of the " practical necessity " of attributing " an aggregate of 40 " out of 100 points in competitive examinations for promotion to sergeant in the New York State Police to certain " factors constituting judgments largely subjective " in view of the constitutional requirements of section 6 of article V. Special Term has found in a well-analyzed opinion a failure of such proof and we are constrained to concur. We agree with Special Term that there is no showing that the qualities sought to be tested by the service record rating were the most essential for the position for which the examination was being held or that objective techniques, compatible with constitutional mandates, were not available to elicit at least some if not all of the evaluations sought by purely subjective methods. We find no merit in the intervenors' contention that petitioner's subsequent passing of the examination or dismissal from the Division of State Police rendered the case moot (e.g., *Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281). We do not pass on whether so much of article 10 as covers promotional examinations for lieutenant must also be annulled. Such a determination must await a full development of the record on that issue since appellant should be at least afforded an opportunity to advance reasons to justify the degree of subjectivity in such examination before having his regulations declared violative of the Constitution. Judgment modified on the law and the facts so as to limit its scope to so much of article

10 as deals with the examination for promotion to sergeant, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.